IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DANTE FOSTER, | * | |
| Petitioner, | * | |
| | | Civ. Action No. RDB-15-2025 |
| v. | * | Crim. Action No. RDB-12-0319 |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

Following a five-day trial, a jury convicted the *pro se* Petitioner Dante Foster ("Petitioner" or "Foster") of one count of Possession of a Firearm by a Felon, in violation of 18 U.S.C. § 922(g)(1), and one count of Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. § 841(a)(1). (Jury Verdict, ECF No. 46); *United States v. Foster*, Case No. 13-4347, 565 Fed. App'x. 202 (4th Cir. 2014) (Mem). Judge Quarles of this Court[1] sentenced Foster to one-hundred and seventy-four (174) months imprisonment. *Foster*, 556 Fed. App'x at 1. Foster subsequently appealed his conviction to the United States Court of Appeals for the Fourth Circuit, which affirmed this Court's judgement. *Id.*

On July 9, 2015, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255. (ECF No. 99.) On June 16, 2016, the Office of the Federal Public Defender filed a Supplemental Motion on behalf of Petitioner. (ECF No. 106.) On June 19,

---

[1] Judge William D. Quarles of this Court presided over Foster's trial and sentenced him. This case was subsequently reassigned to the undersigned Judge Richard D. Bennett upon Judge Quarles' retirement from this Court.

1

2017, Petitioner filed a Motion for Leave to File a Second Supplemental Motion. (ECF No. 107.) The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons stated herein, Petitioner's Motion for Leave to File a Second Supplemental Motion (ECF No. 107) is GRANTED and Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (ECF No. 99) is DENIED.

## BACKGROUND

The background facts of this case were fully set forth in two of this Court's Memorandum Opinions on November 28, 2012 and May 20, 2013. *United States v. Foster*, 2012 WL 5995442 (D. Md. Nov. 28, 2012); *United States v. Foster*, 2013 WL 1975652 (D. Md. May 10, 2013). To summarize, around December of 2011 a confidential informant told Baltimore Police Department ("BPD") detectives that Foster was selling drugs at his brother's home. *Foster*, 2012 WL 5995442 at *1. BPD detectives then obtained a search warrant for the home and conducted pre-raid surveillance. *Id.* During the surveillance, detectives observed Foster leave the home in a car registered to his name. *Id.* Two detectives followed him. *Id.* When the detectives observed Foster change lanes without using a signal, they stopped Foster's car. *Id.* Upon approaching Foster's car, Detective Mahan saw in plain view a baggie with suspected marijuana. *Id.* The detectives arrested Foster. *Id.*

Upon a search of Foster incident to his arrest, the detectives found currency and a digital scale. *Id.* In Foster's car, the detectives found suspected marijuana and cocaine and a Smith & Wesson 9mm semi-automatic handgun. *Id.* at *1-2. The detectives also lawfully searched the home of Foster's girlfriend, where they found ammunition, loaded magazine

holders, cartridge magazines, and cartridges. *Id.* at *2. Upon interviewing Foster, he told the BPD detailed information about recent cocaine transactions and provided the detectives with a list of customers. *Id.* On December 29, 2011, Petitioner was charged with one count of Possession of a Firearm by a Felon, in violation of 18 U.S.C. § 922(g)(1), and one count of Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. § 841(a)(1).

On June 6, 2012, Foster was indicted. Prior to trial, he filed three motions to suppress related to the traffic stop, arrest, and subsequent seizure of evidence from Foster's car. *Id.* at *5. After a hearing, Judge Quarles denied all three motions. *Id.* at *8. On November 26, 2012, Petitioner's jury trial began. (ECF No. 82.) On the third day of trial, Petitioner made an oral motion to proceed *pro se*, which this Court granted. (ECF No. 38; ECF No. 84 at 1-12). On November 29, 2012, the jury found Foster guilty of both counts. (ECF No. 40); *Foster*, 2013 WL 1975652 at *1. Subsequently, Foster moved *pro se* to appoint investigative and expert witnesses, for a detention hearing, and to dismiss for lack of jurisdiction under Federal Rule of Criminal Procedure 34. *Id.* The first two motions were denied as moot. *Id.* at *2 n. 6. Although Foster's third motion for lack of jurisdiction was untimely, this Court addressed it on the merits. *Id.* at *1. Foster argued that the stop and arrest violated a Maryland law prohibiting local police officers from making arrests outside of their jurisdiction. *Id.* This Court found, however, that the BPD detectives lawfully arrested Foster in Baltimore County under the fresh pursuit doctrine.[2] *Id.* at *1.

---

[2] The Maryland "common law doctrine of fresh pursuit allows an officer to pursue and arrest a person outside of the officer's jurisdiction, without a warrant, for misdemeanors committed in the officer's presence within a reasonable time after commission of the crime." *Seip v. State*, 153 Md. App. 83, 86, 835 A. 2d 187, 189 (Md. 2003).

3

Foster appealed to the Fourth Circuit. *United States v. Foster*, 565 Fed. App'x. 202 (4th Cir. 2014) (Mem). The sole issue raised on appeal was whether the district court improperly used Foster's prior Maryland state court conviction to enhance his criminal history category. *Id.* The Fourth Circuit affirmed the district court, holding that Foster did not meet his burden of showing that the prior conviction was invalid. *Id.*

## STANDARD OF REVIEW

This Court recognizes that Petitioner is *pro se* and has accorded his pleadings liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Under 28 U.S.C. § 2255, a prisoner in custody may seek to vacate, set aside or correct his sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to a collateral attack. *Hill v. United States,* 368 U.S. 424, 426-27 (1962) (citing 28 U.S.C. § 2255). "[A]n error of law does not provide a basis for collateral attack unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill*, 368 U.S. at 428).

The scope of a § 2255 collateral attack is far narrower than an appeal, and a "'collateral challenge may not do service for an appeal.'" *Foster v. Chatman,* __ U.S. __, 136 S. Ct. 1737, 1758 (2016) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)). Thus, procedural default will bar consideration under § 2255 of any matters that "could have been but were not pursued on direct appeal, [unless] the movant show cause and actual prejudice resulting from the errors of which he complains." *United States v. Pettiford*, 612 F. 3d 270, 280

4

(4th Cir. 2010) (citing *United States v. Mikalajunas*, 186 F.3d 490, 492-93 (4th Cir. 1999)).

**ANALYSIS**

I.  **Petitioner's Motion to Vacate (ECF No. 99) is timely**

A one-year statute of limitations applies to § 2255 petitions. 28 U.S.C. § 2255(f). The limitations period runs from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. *Id.*; *see also Whiteside v. United States*, 775 F.3d 180, 183 (4th Cir. 2014).

A conviction becomes final for the purpose of starting the one-year limitations period when the opportunity to appeal expires. *See Clay v. United States*, 537 U.S. 522, 524-25 (2003); *United States v. Sosa*, 364 F. 3d 507, 509 (4th Cir. 2004). Foster's judgment of conviction was affirmed on April 7, 2014. Therefore, his judgment of conviction would have become final on or about July 7, 2014, when the ninety day period for filing a petition for writ of certiori with the Supreme Court expired. *See* Sup. Ct. R. 13.1 (requiring petition for writ of certiori to be filed within ninety days of the date of judgment from which review is sought). The Government has not challenged the timeliness of Petitioner's Motion to Vacate and this Court accords his pleadings liberal construction in light of his proceeding *pro se* in

this matter. Accordingly, this Court will address the issues raised and, for the sake of argument, treat the motion as having been timely filed.

## II. Petitioner's Motion to Amend and Supplement

This Court also preliminarily addresses Petitioner's Motion for Leave to File a Second Supplemental Motion to Vacate (ECF No. 107) under Rule 15(d) of the Federal Rules of Civil Procedure. "The Court may . . . permit a party to serve a supplemental pleading . . . even though the original pleading is defective in stating a claim or defense." Fed. R. Civ. Proc. 15(d). The United States Court of Appeals for the Fourth Circuit has instructed that "the standards used by a district court in ruling on a motion to amend or on a motion to supplement are nearly identical." *Franks v. Ross,* 313 F.3d 184, 198 n. 15 (4th. Cir. 2002). "In either situation, leave should be freely granted, and should be denied only where 'good reason exists ... such as prejudice to the defendants.'" *Id.* (quoting *Walker v. United Parcel Serv.,* 240 F.3d 1268, 1278 (10th Cir.2002)). In light of the Government's non-opposition to this Motion, the amendment Petitioner requests (ECF No. 107) is hereby considered in conjunction with the arguments asserted in his original Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 99).

## III. Trial court did not err by allowing Petitioner to proceed *pro se*

Petitioner argues that it was "error for the district court to allow the petitioner to engage in self representation at the middle of the trial" because he was not sufficiently warned of the dangers of waiving the right to counsel. (ECF No. 104 at 7-8.) As the Fourth Circuit has explained, "[w]hile a trial court must determine if a waiver of counsel is knowing and intelligent, no particular interrogation of the defendant is required, so long as the court

6

warns the defendant of the dangers of self-represetnation so that 'his choice is made with his eyes open.'" *United State v. Rodgers*, Case No. 12-4397, 537 Fed. App'x. 273, 274 (4th Cir. Aug. 12, 2013) (quoting *United States v. King*, 582 F.2d 888, 890 (4th Cir. 1978)). In *Rodgers*, the court held that the petitioner was appropriately allowed to proceed *pro se* after he had elected to do so, "was fully aware of the nature of the charges against him and the potential punishments he faced if convicted," and was informed of the "perils of self-representation." *Id.* at 275.

As in *Rodgers*, the trial transcript shows that Judge Quarles appropriately allowed Petitioner to proceed *pro se*. (ECF No. 84 at 1-12.) Judge Quarles advised Petitioner that he had a constitutional right to counsel. (*Id.* at 2-3.) When Petitioner stated that he was "still trying to figure out exactly what [he was] charged with," Judge Quarles confirmed for the second time that Petitioner understood the two charges, their penalties, and the elements of each offense. (*Id.* at 5-6.) Judge Quarles also advised Petitioner that if he represented himself, the court would not assist him or advise him on how to try his case. (*Id.* at 9.) In addition, this Court required Petitioner to proceed with "hybrid representation," appointing the attorney who had been representing him as standby counsel. (*Id.* at 12.) Accordingly, the evidence shows that Petitioner was properly advised of the dangers of self-representation, and knowingly, intelligently, and voluntarily chose to proceed *pro se*. Therefore, this argument fails.

### IV. Petitioner's Fourth Amendment claim is procedurally defaulted

Petitioner argues that his Fourth Amendment rights were violated when the Baltimore Police Department searched his car for a second time, more than five hours after

7

the police pulled Petitioner over. (ECF No. 99 at 7.) Petitioner did not, however, argue this on his appeal to the Fourth Circuit. It is well established that issues not raised on direct appeal are deemed procedurally defaulted and cannot be considered in a subsequent § 2255 motion unless the movant can show that either "cause and actual prejudice" resulted from the asserted errors, or that an "imminent miscarriage of justice" would result from a denial of the collateral attack. *See United States v. Mikalajunas*, 186 F.3d 490, 492-93 (4th Cir. 1999)). Cause "must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." *Id.* at 493. Alternatively, demonstrating "miscarriage of justice" requires a showing of the movant's "actual innocence by clear and convincing evidence." *Id.* (citing *Murray v. Carrier,* 477 U.S. 478, 496 (1986)).

First, Petitioner has not made a showing of cause and prejudice. During the pre-trial suppression hearing, Petitioner's counsel argued that the search of the car was illegal under the search incident to lawful arrest exception. *Foster*, 2012 WL 5995442 at *6. Specifically, Foster's counsel argued that the search was invalid because the car was not within reaching distance of Foster at the time he was arrested. *Id.* Following a hearing in which Petitioner testified, this Court denied that motion. *Id.* This Court found that the automobile exception applied and therefore waiting to fully search the car did not render the search illegal. *Id.*

Second, however, Petitioner argues that he is actually innocent because he did not know that drugs were in the car.[3] (ECF No. 99-1 at 6.) The actual innocence exception "only applies in limited circumstances." *United States v. Jones*, 758 F. 3d 579, 583 (4th Cir. 2014). A "petitioner must show that it is more likely than not that no reasonable juror would have

---

[3] Although Petitioner argues he is actually innocent in the context of the variance he received, given this Court's liberal construction of his *pro se* pleadings, it will consider it here as well.

8

convicted him in light of the *new* evidence." *Id.* (emphasis added). Petitioner supports his arguments with two affidavits detailing an alleged sequence of events on the day Petitioner was arrested. However, Petitioner offers no reason for why this testimony was not available at trial, aside from arguing that counsel was ineffective for failing to subpoena the affiants. (ECF No. 99-1 at 6.) *See Lewis v. Clarke*, Case No. 2:13-cv-549, 2014 WL 2090563, at *6 (E.D. Va. May 19, 2004) ("Lewis offers no credible reason as to why Overton's testimony was unavailable, other than the argument that his attorney was ineffective for failing to "find her." This is not "new evidence.").

Even if this claim was not procedurally defaulted, the record shows that Petitioner could not establish a Fourth Amendment violation on the merits. Twice this Court denied Petitioner's Fourth Amendment claims. First, in response to counsel's pre-trial motion to suppress. Second, in response to Petitioner's post-trial motion concerning the jurisdictional issue relating to the search and arrest. *Foster*, 2012 WL 5995442; *Foster*, 2013 WL 1975652. Accordingly, this argument fails.

### V. Petitioner's sentencing claim is procedurally defaulted

Petitioner argues that he is serving an "improper sentence outside the guidelines" because Judge Quarles "double counted" his two prior convictions to both calculate his criminal history and base offense level and apply a variance. (ECF No. 99-1 at 5-6.) Like his Fourth Amendment claim, Petitioner failed to argue this on his appeal to the Fourth Circuit. Therefore, it is procedurally defaulted and Petitioner has not met his burden of showing cause and prejudice or actual innocence.

Even if this claim was not procedurally defaulted, this Court sentenced Petitioner above the advisory guidelines range by applying a variance after consideration of the factors set forth it 18 U.S.C. § 3553(a). (ECF No. 62.) The facts this Court used to justify the variance included Petitioner's serious record, the "length of his drug dealing career and his facilitation of that career with firearms, the intransigence of his drug dealing despite significant prison sentences, and his obstruction of justice in this case." (*Id.*) Because these are appropriate considerations under § 3553(a) and a court is not required to give notice prior to applying a variance, *Irizarry v. United States*, 553 U.S. 708 (2008), this argument fails.

**VI.    Petitioner's counsel, when representing Plaintiff, was not ineffective**

A freestanding claim of ineffective assistance of counsel may properly be asserted for the first time in a § 2255 petition. *United States v. DeFusco*, 949 F.2d 114, 120-21 (4th Cir. 1991). To state a claim for relief based on a Sixth Amendment claim of ineffective assistance of counsel, a petitioner must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 671 (1984). The first, or "performance," prong of the test requires a showing that defense counsel's representation was deficient and fell below an "objective standard of reasonableness." *Id.* at 688. In making this determination, courts apply a strong presumption that counsel's actions fell within the "wide range of reasonable professional assistance." *Id.* at 688-89. The second, or "prejudice" prong, requires that a petitioner demonstrate that his counsel's errors deprived him of a fair trial. *Id.* at 687.

In applying the *Strickland* test, the United States Court of Appeals for the Fourth Circuit has noted that there is no reason to address both prongs if the defendant makes "'an insufficient showing on one.'" *Moore v. Hardee*, 723 F. 3d 488, 500 (4th Cir. 2013) (quoting

10

*Strickland*, 466 U.S. at 697). Thus, ineffective assistance of counsel claims may be disposed of based solely on a deficiency in satisfying either the "performance" prong or the "prejudice" prong. *See Strickland*, 466 U.S. at 697. The Fourth Circuit has noted further that the mere possibility of a different trial result does not satisfy the burden of proving prejudice. *Hoots v. Allsbrook*, 785 F.2d 1214, 1221 (4th Cir. 1986).

### a. Alleged failure to raise jurisdictional issue

Petitioner claims that counsel was ineffective for failing to argue that the BPD detectives who pulled Petitioner over and searched his vehicle did so in Baltimore County, outside their jurisdiction. (ECF No. 99 at 4.) Petitioner claims that had counsel highlighted certain facts concerning the detective's real reason for pulling Petitioner over and searching his car, this Court "may have viewed these crooked cops' actions (sic) in a different way and agreed to suppress the fruit of the poisonous tree." (ECF No. 104 at 3.)

Contrary to Petitioner's assertions, Petitioner's counsel did raise this issue during the pre-trial suppression hearing. (ECF No. 83.) During that hearing, Petitioner's counsel argued that "because the stopping detective was a Baltimore City sworn detective, he had no jurisdiction to stop the vehicle in Baltimore County." (*Id.* at 6.) In addition, counsel argued that the fresh pursuit doctrine did not apply under the circumstances. (*Id.*) This Court denied the motion. (*Id.* at 8.) To the extent that Petitioner wishes his counsel had argued the motion differently, "[t]he Sixth Amendment guarantees reasonable competence, not perfect advocacy judged with the benefit of hindsight." *United States v. Basham*, 789 F. 3d 358, 371 (4th Cir. 2015). In addition, when Petitioner raised this argument again *pro se* after the trial,

11

this Court again rejected the argument. *United States v. Foster*, 2013 WL 1975652 (D. Md. May 10, 2013). Accordingly, this argument fails.

   b. **Failure to hire expert investigator**

Petitioner argues that counsel was ineffective for failing to hire an expert investigator to obtain video footage of the traffic stop. Plaintiff claims that a video would have shown that the car windows were too tinted for the detectives to see anything under the plain view doctrine. (ECF No. 99-1 at 2.) This argument can be classified as an attack on counsel's trial strategy. When attacking a strategic choice made during trial, a petitioner must "overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland,* 466 U.S. at 689 (quoting *Michel v. Louisiana,* 350 U.S. 91, 101 (1955)). In deciding whether Petitioner has met this burden, this Court must make a "fair assessment of attorney performance," which "requires that every effort be made to eliminate the distorting effects of hindsight." *Id.*

Although counsel did not obtain video footage of the traffic stop, counsel raised the issue of whether the car windows were too tinted to see through in two significant ways. First, photographs of the car were introduced. (ECF No. 85 at 42-43.) Second, counsel conducted a thorough cross-examination of one of the arresting detectives, Detective Malone, using photographs of the car. (ECF No. 83 at 39-41). In light of these circumstances, it was not "outside the wide range of professionally competent assistance" for Petitioner's counsel to use these trial strategies rather than call an expert to obtain video footage of the traffic stop. *Strickland*, 466 U.S. at 690. Accordingly, this argument fails.

   c. **Failure to interview witnesses**

Petitioner argues that counsel was ineffective for failing to interview two witnesses, Octavious Strong and Anthony Campbell, who he claims would have supported his argument that he did not know there was contraband in the car. (ECF No. 104 at 4.) Specifically, he claims that they would have testified to "inadvertently placing the cup and contraband contents in the petitioner's van that very day without the petitioner's knowledge." (ECF No. 104 at 4.) Petitioner argues that this would have "made a difference in the trial had the jury been able to here that the drugs were not the petitioners." (ECF No. 99-1 at 8.) This argument fails for three reasons.

First, as discussed *supra*, Petitioner knowingly, voluntarily and intelligently waived his right to counsel. From the moment Petitioner decided to proceed *pro se*, he "cannot now assert that he was denied the effective assistance of counsel." *United States v. Bryson*, No. 01-4836, 04-6010, 105 Fed. App'x at 476 (4th Cir. July 23, 2004) (citing *Faretta v. California*, 422 U.S. 806, 834-835 n. 46 (4th Cir. 2004)). Petitioner offers no reason for why he did not call these witnesses, or ask for a continuance in order to do so, while proceeding *pro se*. Second, to the extent Petitioner claims that "these are matters counsel should have done pretrial and at suppression hearing to exclude the evidence recovered from the illegal search," (ECF No. 104 at 6), Petitioner has failed to meet the performance prong of the *Strickland* test. Petitioner testified at the pre-trial suppression hearing. As the Government's response notes, at no point does he indicate that there were other individuals in the car with him. Additionally, Petitioner has offered no evidence that these individuals were available to testify in 2012 given that both affidavits are dated 2014 and 2015.

Third, even if this Court were to conclude that the failure to investigate these witnesses constituted deficient performance, Petitioner would need to demonstrate a "reasonable probability" that presentation of these witnesses would have changed the result at trial. *Strickland*, 466 U.S. at 694. When evidence of guilt is overwhelming, there is not a reasonably probability that but for counsel's errors, the result would have been different. *United States v. Higgs*, 663 F. 3d 726, 742 (4th Cir. 2011). In this case, the prosecution called DEA agents and Baltimore Police officers who testified to the pre-raid surveillance at Foster's brother's home. Detective Mahan detailed how when Foster left his brother's home by car, the detective and another officer followed Foster. In addition, the detective testified that when he approached the car, he immediately saw marijuana, and up searching Foster incident to his arrest, found currency and a digital scale. Another detective described the second search of Foster's car which revealed a handgun, clip, and ammunition. A Special Agent with the Drug Enforcement Administration testified to the search of Foster's girlfriend's home where the additional ammunition, loaded magazine holders, cartridge magazines, and cartridges were found. Various witnesses testified to the contents of the marijuana and cocaine. Finally, a detective detailed Foster's statements to the police after he was arrested. Accordingly, the evidence of guilt was overwhelming and this argument fails.

### d. Failure to object to upward variance

Finally, Petitioner argues that counsel failed to object to this Court's imposition of an upward variance in Defendant's sentence. (ECF No. 99-1 at 8.) As an initial matter, Petitioner proceeded *pro se* through sentencing, and therefore as discussed above, "cannot now assert that he was denied the effective assistance of counsel." *Bryson*, 105 Fed. App'x. at

14

476 (citing *Faretta*, 422 U.S. at 834-835 n. 46). In addition, as also discussed *supra*, this Court did not abuse its discretion by applying an upward variance to Petitioner's sentence.

### VII. *Johnson v. United States* does not apply to the advisory sentencing guidelines

In Petitioner's Supplemental Motion to Vacate (ECF No. 106) he added a claim under *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015).[4] In *Johnson*, the Supreme Court struck down the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii) as unconstitutionally vague. Petitioner argues that under *Johnson*, the "Career Offender" provision applied to Petitioner during his sentencing is void for vagueness. (ECF No. 106.) Because 28 U.S.C. § 2255 grants petitioners a one year period to assert rights newly recognized by the United States Supreme Court, the motion is timely.

During Petitioner's sentencing hearing, this Court found that his prior conviction for assault with intent to murder qualified as a "crime of violence." As a result, he was deemed a career offender and sentenced to one-hundred and seventy-four (174) months imprisonment. Although the "Career Offender" provision in the Sentencing Guidelines includes the identical residual clause as that struck down in *Johnson*, the Court has subsequently held that the advisory guidelines are not subject to *Johnson* challenges. *Beckles v. United States*, __ U.S. __, 137 S. Ct. 886 (2017). Accordingly, this argument fails. For this reason, Petitioner's Supplemental Motion to Vacate (ECF No. 106) is DENIED.

### VIII. *United States v. Mathis* did not create a new rule of law

---

[4] The Office of the Public Defender (OFPD) filed this motion on behalf of Petitioner. Subsequent to the United States Supreme Court's decision in *Beckles v. United States*, __ U.S. __, 137 S. Ct. 886 (2017), the OFPD filed a Motion to Withdraw as Counsel (ECF No. 108), which this Court granted (ECF No. 109).

15

In Petitioner's Second Supplemental Motion to Vacate (ECF No. 107), he adds a claim under *United States v. Mathis*, __ U.S. __, 136 S. Ct. 2243 (2016). In *Mathis*, the Supreme Court applied the "categorical approach" and determined that Iowa's burglary statute could not serve as a predicate violent felony to enhance the petitioner's sentence under ACCA. *Id.* Petitioner argues that under *Mathis*, his prior conviction for assault with intent to commit murder does not categorically qualify as a predicate offender for enhancement under U.S.S.G. § 2K2.1(a)(4)(a). Because Petitioner filed his appeal within one year of the *Mathis* decision, the motion is timely.

Retroactive application of judicial decisions is governed by the standard announced in *Teague v. Lane,* 489 U.S. 288 (1989). In *Teague*, the Supreme Court stated that a "new rule" is a rule that "breaks new ground or imposes a new obligation on the States or the Federal Government." *Id.* at 301. "[A] case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final." *Welch v. United States*, ––– U.S. ––––, 136 S.Ct. 1257, 1264 (2016) (quoting *Teague*, 489 U.S. at 301). In line with other courts, this Court has previously held that *Mathis* did not establish a new rule of law. *Gary v. Kallis*, Case. Nos. ELH-17-1255, ELH-08-86, 2017 WL 2242680, at *4-5 (D. Md. May 23, 2017); *Stewart v. United States*, Case Nos. ELH-13-262, ELH-17-1408, 2017 WL 2361089, at *4-5 (D. Md. May 31, 2017). Rather, *Mathis* reaffirmed the categorical approach previously set forth by the Court in *Taylor v. United States*, 495 U.S. 575 (1990) and *Shepard v. United States*, 544 U.S. 13 (2005). For that reason, this argument fails.

**CONCLUSION**

For the reasons stated above, Petitioner Foster's Motion to Correct Sentence Under 28 U.S.C. § 2255 (ECF No. 99) and Supplemental Motions (ECF Nos. 106 and 107) are DENIED.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). Because reasonable jurists would not find Foster's claims debatable, a certificate of appealability is DENIED.

A separate Order follows.

Dated: September 27, 2017

                                                        /s/
                                                 Richard D. Bennett
                                                 United States District Judge